Clifford L. JACKSON, Plaintiff–
Appellant,

v.

MONTEREY COUNTY JAIL; et
al., Defendants–Appellees.

No. 09–16618.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Dec. 22, 2010.

Clifford L. Jackson, Salinas, CA, pro se.

Glenn Allen Friedman, Esquire, Alexandra Maija Ozols, Lewis Brisbois Bisgaard & Smith LLP, San Francisco, CA, Bryan Padrigh Kerney, Esquire, Fischer Norris & Schrader LLP, Daniel P. Schrader, Fischer Schrader, LLP, Monterey, CA, Kristin N. Reyna, Jacqueline Mai, Esquire, Roger M. Mansukhani, Gordon & Rees LLP, San Diego, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and
THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Clifford L. Jackson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement arising from asbestos exposure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for failure to state a claim. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009). We affirm.

The district court properly dismissed Jackson's 42 U.S.C. § 1983 claims against all defendants because Jackson failed adequately to allege physical injury and thus his claim for damages was barred under

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997(e)(e); *see also Oliver v. Keller,* 289 F.3d 623, 625–28 (9th Cir.2002) (the physical injury requirement applies to pre-trial detention claims and requires more than de minimis physical injury).

We do not consider Jackson's contentions regarding judicial bias because they were not raised in his opening brief. *See Brown v. Cal. Dep't of Corr.,* 554 F.3d 747, 752 n. 3 (9th Cir.2009) (issues not raised in the opening brief are waived). We do not consider Jackson's contentions related to the Comprehensive Environmental Response Compensation and Liability Act and other claims not raised before the district court. *See Campbell v. Burt,* 141 F.3d 927, 931 (9th Cir.1998) (issues not raised before the district court are waived on appeal).

We have reviewed Jackson's remaining contentions and find them unpersuasive.

**AFFIRMED.**